UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL EARL STAMPS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-85-AGF |
| | ) | |
| JOHN JORDAN, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by petitioner Michael Earl Stamps. For the reasons explained below, the petition will be dismissed without prejudice.

## Background

Petitioner commenced this action on April 11, 2018. He submitted his petition on a form used for bringing claims under 28 U.S.C. § 2254. He avers that his petition relates to a criminal case currently pending in the circuit court for Cape Girardeau County, which he identifies as cause number 17CG-CR00356-01. Indeed, review of Missouri Case.net, the State of Missouri's online docketing system, shows that Petitioner is presently awaiting trial on charges of first-degree robbery and armed criminal action. *See State v. Michael E. Stamps*, Case Number 17CG-CR00356-01 (32nd Jud. Cir. Mar. 18, 2016).[1] The case has been continued on six occasions, each time at the request of the defense, and it appears petitioner has been represented by counsel throughout the proceedings.

---

[1] The Court takes judicial notice of this public state record. *See Levy v. Ohl,* 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (courts "may take judicial notice of judicial opinions and public records.").

In the petition, Petitioner claims that his attorney has provided ineffective assistance, in that she has failed to "file a motion to suppress witness identification, motion for speedy trial, etc." (Docket No. 1 at 8). Petitioner also claims that the prosecution of him is being brought in bad faith, for the purpose of harassing him. In a supplemental document attached to the petition, Petitioner claims that his sixth amendment rights are being violated because his attorney has failed to move for the suppression of certain evidence and for a speedy trial, has failed to subpoena alibi witnesses, and has engaged in a romantic relationship with the prosecuting attorney. He also claims the prosecutor is acting in bad faith, and he is being denied due process. Petitioner sets forth a detailed recitation of the events surrounding the alleged robbery, the investigation thereof, and the proceedings against him, and he sets forth his defenses to the charges against him, including an alibi.

As relief, Petitioner asks this Court to order his immediate release, and dismiss the case against him. Petitioner has also filed a "Motion for Immediate Release on Bail Pending Decision of this Habeas Petition" in which he asks this Court to order that he be released on bail because "extraordinary circumstances" exist and because he "has a 100% chance of prevailing on the merits" of his petition. (Docket No. 2).

## Discussion

Section 2254 of Title 28 authorizes the federal courts to entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2254(a). Petitioner herein is not such a person. He is a pretrial detainee who is seeking release from his detention prior to his state criminal trial. Therefore, to the extent Petitioner seeks relief pursuant to 28 U.S.C. § 2254, the petition is subject to dismissal. However, state detainees may be able to seek federal habeas relief pursuant to 28 U.S.C. § 2241

before the entry of a final state court judgment. The Court will therefore construe the instant petition as having been brought pursuant to § 2241.

Although the federal courts have jurisdiction over pre-trial habeas petitions, principles of comity and federalism require that federal courts not entertain a pre-trial habeas challenge unless the Petitioner shows that he has exhausted available state judicial remedies, or that extraordinary circumstances warrant federal intervention. *Davis v. Muellar*, 643 F.2d 521, 525 (8th Cir. 1981) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490-91 (1973)). Also applicable in this context is the doctrine of *Younger* abstention, which instructs that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances. *See Davis*, 643 F.2d at 525 (citing *Younger v. Harris*, 401 U.S. 37, 40-41 (1971). Courts have concluded that extraordinary circumstances justifying intervention include circumstances where double jeopardy or speedy trial rights are at issue. *See Braden*, 410 U.S. at 488 (speedy trial); *Satter v. Leapley*, 977 F.2d 1259, 1261 (8th Cir. 1992) (double jeopardy).

In the case at bar, Petitioner can be understood to claim that he has been denied the right to a speedy trial. However, he does not specify what "speedy trial" law he believes has been violated. "The question of whether the state violated its own speedy trial statute is a matter for the state courts" and is not cognizable on federal habeas review. *Matthews v. Lockhart*, 726 F.2d 394, 396 (8th Cir. 1984). In addition, as noted above, Petitioner's case has been continued on six occasions, each time at the request of the defense. When a defendant or his counsel is responsible for the delays in trial, the defendant, by law, is not denied his right to speedy trial. *State v. Daly*, 731 S.W.2d 315 (Mo. Ct. App. 1987); *State v. Adams*, 691 S.W.2d 432 (Mo. Ct. App. 1985). Finally, the relief Petitioner seeks in the instant petition is an order releasing him

from pre-trial detention, not a trial. The Court therefore concludes that Petitioner's assertion regarding his right to a speedy trial is unavailing. In addition, Petitioner does not cite, nor does independent research reveal, any legal authority supporting the conclusion that any of his other assertions would constitute an extraordinary circumstance that would negate the need for exhaustion of state remedies.

In *Braden*, the Supreme Court wrote: "nothing we have said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." 410 U.S. at 493. Here, Petitioner may raise his defenses to the charges and any constitutional challenges in the context of his state criminal proceedings, and if necessary, in subsequent appellate and post-conviction proceedings. "In most cases courts will not consider claims that can be raised at trial and in subsequent state proceedings." *Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 860 (D. Wis. 1999). Petitioner has not exhausted available state remedies, and there are no extraordinary circumstances warranting this Court's intervention at this stage in his state court proceedings. For all of the foregoing reasons, the Court concludes that Petitioner is not entitled to relief under either § 2254 or § 2241. Therefore, the petition will be denied.

The Court has considered whether to issue a certificate of appealability. To grant a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Because

Petitioner herein has made no such showing, the Court declines to issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's petition for writ of habeas corpus (Docket No. 1) is **DENIED**, and this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Immediate Release on Bail (Docket No. 2) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 6th day of July, 2018.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE